BANK OF LOUISVILLE *v.* FIRST NATIONAL BANK OF KNOXVILLE.

1. BANKS AND BANKING. *Bills and notes. Principal and agent.* Where a bank receives a bill of exchange for collection, payable at a distant place, its liability is discharged by transmitting the same, in due time, to a suitable and reputable bank or other agent, at the place of payment, and in such case the principal's assent to the employment of a sub-agent is implied.

Cases cited: Allen *v.* Merchant's Bank, 22 Wend., 215; 1 Cush., 186; 6 Conn., 521; 12 Conn., 303; 25 Ill., 243; 8 Maryland, 530.

2. SAME. *Same. Negligence. Action on the case.* If a debt be lost by neg-ligence of an agent to whom a bill of exchange is sent for collection, the principal or home bank (having complied with its duty and not being liable to the holder) cannot, by voluntarily discharging the

Bank of Louisville *v.* Bank of Knoxville.

claim of the payee, maintain an action on the case for negligence against the sub-agent. Such right accrues only to the holder or payee of the bill under the circumstances.

### FROM KNOX.

Appeal from the Circuit Court. E. T. HALL, Judge.

COCKE, HENDERSON & TILLMAN for plaintiff.

WEBB & TAYLOR for defendant.

BAXTER & SON for Brown.

DEADERICK, J., delivered the opinion of the court.

This is an action on the case brought in the Circuit Court of Knox county by the Bank of Louisville against the First National Bank of Knoxville and Charles H. Brown, to recover damages for the failure of said national bank and Brown, a notary public, to protest a bill of exchange sent by plaintiff to defendant, said national bank, whereby a loss resulted to plaintiff. The verdict and judgment were in favor of Brown and against the national bank, and both banks have appealed in error to this court.

The record shows that in August, 1870, the Leather Manufacturers' Bank of New York sent to the plaintiff for collection a bill of exchange for $927, dated June 1, 1870, payable three months after date, drawn by E. Simmerly in favor of Howes, Hyatt & Co., and accepted by W. B. C. & R. A. Smith, payable at

Bank of Louisville *v.* Bank of Knoxville.

the said First National Bank in Knoxville. The bill was transmitted by the Louisville Bank to the First National Bank, and received by it, on the 2d of September, 1870, and returned, unpaid, by said national bank on the next day without having been protested.

The cashier of the First National Bank testifies that he delivered the bill in question to defendant Brown, who was a notary public in good repute at the time, and in the absence of the president temporarily employed as clerk in said bank, with two others, stating to him one was to be answered and two to be protested. By inadvertence the bill in controversy, which it was intended should be protested, was returned to plaintiffs by mail.

Upon these facts, the plaintiff being advised that it was responsible for the negligence of the First National Bank and the notary public, and liable to the bank in New York for the amount of the bill, upon demand made by said bank, paid the amount of the bill, and brought this suit to recover from defendants below.

The theory of the plaintiff is that the acceptors were insolvent, and by reason of the failure to protest and give notice to drawer, a loss has resulted which it, as agent of the owner of the bill, was liable to make good, and did pay, and thereby became owner of the bill, with the right to sue and recover of defendants for their negligence, which occasioned the loss.

While for the defense it is insisted that plaintiff was not liable to the New York Bank for the de-

fault or breach of duty by the First National Bank or the defendant Brown, and that they, if liable to anyone, are liable for a tort to the owner of the bill, and that by a voluntary payment by plaintiff to the New York Bank, no cause of action arises to plaintiff, nor can the cause of action originating in a tort be assigned.

Plaintiff cites and relies upon the New York case of *Allen* v. *Merchants Bank*, 22 Wend., 215, in which it was held by the Court for the Correction of Errors that "a bank receiving for collection a bill of exchange drawn here upon a person residing in another State, is liable for any neglect of duty occurring in collection, whether arising from the default of its officers here, its correspondents abroad, or of agents employed by such correspondents."

This liability, it is held, may be varied, however, either by express contract or by implication arising from general usage in respect to such paper. It was accordingly held in that case by a majority of the court, where a bill of exchange was drawn in New York on a resident of Philadelphia, and was deposited in a New York bank for collection, and was transmitted by that bank to a Philadelphia bank, the notary of which was guilty of a neglect whereby loss accrued, that the New York bank was liable to the holder of the bill. This liability is imposed upon the ground of an implied undertaking by the bank receiving the bill for collection to take all necessary measures to charge the parties to the bill, and this holding has ever since been adhered to by the courts

of New York, and has also been adopted in the State of Ohio.

On the other hand, the cases are numerous where the contrary doctrine has been held by the Supreme Courts of Massachusetts, Connecticut, Louisiana, Illinois, Wisconsin, Mississippi, Maryland, Pennsylvania, and other States. In these States, in reported cases, in some of which the doctrine established in New York by the case in 22 Wendell, is reviewed and disapproved, it is held that the more reasonable and just construction of the nature of the undertaking of the bank in which the bill is deposited for collection is, that where the bill is payable at another and distant place, the bank so receiving the bill discharges itself of liability by transmitting the same in due time to a suitable and reputable bank or other agent at the place of payment, and in such a case it is manifest that a sub-agent must be employed, and the assent of the principal is implied, as it cannot be said that the receiving bank was expected or bound to send one of its own officers to the distant point of payment for the purpose of personally attending to the collection for the very inadequate compensation usually paid to banks for such service. And this, we think, is the more equitable rule, and all that is required is, that the bank receiving such bill in the first place, should act in good faith in the selection of a proper agent to protect the interests of the holder of the bill. 1 Cush., 186; 6 Conn., 521; 12 Conn., 303; 25 Ill., 243; 8 Maryland, 530; Pars. Mer. L., 145, and note 2.

These and other cases, including the New York and Ohio cases, *contra,* are reviewed in Mr. Morse's Treaties on Banks and Banking, pp. 347 to 356, in which he concludes that the weight of authority is overwhelmingly in favor of the proposition that where a bank receives a bill for collection, payable at a distant point, it is so received with the knowledge and implied assent of the depositor that it is to be sent to the point of payment, and when this is done in good faith to a bank in good standing, and according to general usage, the transmitting bank is not liable for the default of the bank or agents to which the bill is sent.

If the bill were sent to a bank or other agent known to the transmitting bank to be unworthy of confidence, that would be an act of negligence and carelessness of the interests of the holder, for which it would be held liable. In this case the bill on its face showed that it was payable at the First National Bank at Knoxville, and the holder knew when it was transmitted to the Louisville Bank that it must of necessity be sent to the bank at which it was payable, and authority to so send it must be implied.

The circuit judge instructed the jury in accordance with the doctrine laid down in the New York case of *Allen* v. *The Merchants Bank,* 22 Wend., 215, that a bank receiving a bill for collection and transmitting it to the point of payment is liable to the owner, and that the bank at the point of payment receiving such bill is liable to the bank transmitting to it, and that upon this principle the action was maintainable

against the First National Bank by the Louisville Bank, and not maintainable by the Louisville Bank against Brown, who was liable, if at all, to the First National Bank of Knoxville, for negligence in the discharge of a duty intrusted to him by said last named bank.

From the principles announced in this opinion, it follows that the instructions given were erroneous. The First National at Knoxville and Brown were the agents of the Leather Manufacturers' Bank, the holder, and liable only to them for their default and negligence.

This is an action on the case for negligence, not a suit upon the bill of exchange, and in such case the liability arises from some breach of duty or negligence toward the payee or holder of the bill, and he only can maintain the action, and a voluntary payment by one under no legal liability to pay can give him no right to maintain an action against the negligent or defaulting agent. Story on B. Ex., sec. 450; 5 Cranch Ct. Ch. R., 505.

The defendant, First National Bank, asked the court to instruct the jury, that if they found from the evidence that the plaintiff was not the owner of the bill of exchange, but only an agent for collection of the same, and transmission, the plaintiff could not recover. And further, that where the bill is transmitted successively to several banks, and into the hands of a notary, each party is liable to the owner for its own negligence or want of diligence, and is not liable to any agent in the chain of transmission except by special contract.

Without noticing other instructions requested, and which, with the foregoing, were refused, it is sufficient to say that the instructions asked and above cited are in substance such as in the foregoing opinion we have indicated would have been proper.

The result is that the judgment in favor of Brown is affirmed, and against the First National Bank at Knoxville is reversed, and the cause as to it will be remanded for a new trial.